# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE LAMONT MOORE,<br><br>Petitioner,<br><br>v.<br><br>PAUL COPENHAVER,<br><br>Respondent. | Case No. 1:14-cv-00851-SAB-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND TERMINATE CASE<br><br>ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a federal prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

**I.**

**BACKGROUND**

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. He challenges the validity of his 1999 sentence imposed following his conviction in the United States District Court for the Eastern District of North Carolina of four counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and four counts of use of a firearm during commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1). He was sentenced to a term of 1,107 months imprisonment. He states he sought administrative relief for

his claims but relief was denied.  He does not state whether he has sought relief in any court.

Petitioner filed the instant petition for writ of habeas corpus on June 5, 2014.  He claims the Bureau of Prisons ("BOP") has improperly calculated his sentence.

## II.

## DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, 549 U.S. 1313 (2007); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981).  In such cases, only the sentencing court has jurisdiction.  Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody.  Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (per curiam); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987).  "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241."  Stephens, 464 F.3d at 897 (citations omitted).

In this case, Petitioner attempts to characterize his claims as challenges to the execution

of his sentence. However, it is clear that Petitioner is actually attacking the underlying conviction and sentence itself. Petitioner does not dispute that he was sentenced to a term of 1,107 months imprisonment, nor does he dispute that the BOP has calculated his sentence according to the sentence imposed by the sentencing court. Since it is undisputed that Petitioner was sentenced to 1,107 months and the BOP has calculated his term based on that sentence, Petitioner's claim that the BOP has miscalculated his sentence is frivolous. To the extent that Petitioner challenges the conviction and sentence itself, as noted above, 28 U.S.C. § 2255 remains the exclusive remedy. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the Eastern District of North Carolina, not a habeas petition pursuant to § 2241 in this Court.

Nevertheless, an exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir. 1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir. 1956).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Petitioner fails to establish either prong of the savings clause. He does not show that he has never had an unobstructed procedural opportunity to present his claims to the sentencing

court. He states only that he has exhausted his *administrative remedies* with the BOP. In addition, Petitioner has failed to demonstrate that his claims qualify under the savings clause of Section 2255 because his claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954. In this case, Petitioner does not assert that he is factually innocent of the crime for which he was convicted. Rather, he takes issue with his sentence. Under the savings clause, Petitioner must demonstrate that he is actually innocent of the crime for which he has been convicted, not the sentence imposed. See Ivy, 328 F.3d at 1060; Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction"); Edwards v. Daniels, 2006 U.S. Dist. LEXIS 94750, at *7, 2006 WL 3877525 (D.Or.2006) ("Petitioner's assertion that he is actually innocent of a portion of his sentence does not qualify him for the 'escape hatch' of § 2255 because he must allege that he is 'legally innocent of the crime for which he has been convicted,' not the sentence imposed."), *adopted by* Edwards v. Daniels, 2007 U.S. Dist. LEXIS 12356, 2007 WL 608115 (D.Or.2007). Therefore, the instant § 2241 petition does not fit within the exception to the general bar against using Section 2241 to collaterally attack a conviction or sentence imposed by a federal court. See Lorentsen, 223 F.3d at 954 (declining to decide whether federal prisoners who are actually innocent may resort to Section 2241 when relief is not available under Section 2255 because the petitioner had not shown actual innocence); see also Stephens, 464 F.3d at 898-99 (concluding that, although petitioner satisfied the requirement of not having had an "unobstructed procedural shot" at presenting his instructional error claim under Richardson v. United States, 526 U.S. 813,

119 (1999), petitioner could not satisfy the actual innocence requirement as articulated in Bousley and, thus, failed to properly invoke the escape hatch exception of Section 2255); Harrison, 519 F.3d at 959 ("[A] motion meets the escape hatch criteria of § 2255 'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'").

Accordingly, the Court concludes that to the extent Petitioner challenges the manner in which the BOP has calculated his sentence, the claims are frivolous. To the extent that Petitioner challenges the conviction and sentence itself, he fails to demonstrate that § 2255 constitutes an "inadequate or ineffective" remedy for raising his claims, and the petition must be dismissed for lack of jurisdiction.

## III.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## IV.
## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED with prejudice;

2) The Clerk of Court is DIRECTED to enter judgment; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **June 24, 2014**

UNITED STATES MAGISTRATE JUDGE