UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE LAMONT MOORE,<br><br>  Petitioner,<br><br>  v.<br><br>PAUL COPENHAVER,<br><br>  Respondent. | Case No.: 1:14-cv-00851-SAB-HC<br><br>ORDER CONSTRUING PETITIONER'S OBJECTIONS AS MOTION FOR RECONSIDERATION AND DENYING SAID MOTION<br><br>(ECF No. 10) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On June 25, 2014, the undersigned dismissed with prejudice the instant petition for writ of habeas corpus and judgment was entered.

On August 1, 2014, Petitioner filed a motion to extend time to file objections. The motion was denied as moot on August 8, 2014, as Petitioner was under the misconception that the Court issued a Report and Recommendation.

On August 15, 2014, Petitioner filed objections to the Magistrate Judge's Report and Recommendation. The Court construes Petitioner's objections as a motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure, as to the Court's June 25, 2014, dispositive order dismissing the petition for writ of habeas corpus.

///

1

Petitioner objects to the dismissal order on three separate grounds. First, Petitioner contends the factual determination of the nature of the claim incorrectly concludes the claim is not subject to § 2241 review. Second, Petitioner contends the conclusion on the issue of frivolousness is legally insufficient. Third, Petitioner argues the undersigned erred in concluding Petitioner is not entitled to a certificate of appealability.

Pursuant to Federal Rule of Civil Procedure 60(b)(6), referred to as the catch-all provision, the Court may, upon motion, relieve a party from a final order or judgment. As the moving party, Plaintiff "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations and citation omitted). The "Rule is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (internal quotations and citation omitted).

Plaintiff's mere disagreement with the Court's ruling on his petitioner for writ of habeas corpus does not provide a basis for reconsideration. Reconsideration is not a vehicle by which to obtain a second bite at the apple; it is reserved for extraordinary circumstances. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001); see also In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir. 1989) (Fed. R. Civ. P. 60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it does not provide a second change for parties who made deliberate choices).

As stated in the Court's June 25, 2014, order, despite Petitioner's characterization of his claim as a challenge to the execution of his sentence, it is clear from the petition that Petitioner is attempting to attack his underlying conviction and sentence imposed in the United States District Court for the Eastern District of North Carolina. Absent an exception under the saving clause, not present in this case, Plaintiff's sole remedy to challenge the conviction and sentence is by way of 28 U.S.C. § 2255, and "the appropriate procedure would be to file a motion pursuant to § 2255 in the Eastern District of North Carolina, not a habeas petition pursuant to § 2241 in this Court." (ECF No. 6, Order, at 3.)

Plaintiff's disagreement with the Court's decision is not grounds for reconsideration. Plaintiff has failed to set forth a basis upon which relief may be granted under Rule 60(b)(6), or under any of the grounds provided for in Rule 60(b). Accordingly, Petitioner's motion for reconsideration must be DENIED.

IT IS SO ORDERED.

Dated:   **August 20, 2014**

UNITED STATES MAGISTRATE JUDGE